COMMONWEALTH *vs.* GEORGE ELMER HARRISON TAYLOR.

Essex.    October 16, 1928. — November 27, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal*, New trial, Exceptions.   *Homicide.*

A motion by the defendant for a new trial of an indictment charging murder, based on alleged newly discovered evidence, is addressed to the sound discretion of the trial judge, and its denial does not establish abuse of discretion, even if the evidence alleged to be newly discovered, if believed, might justify a verdict of acquittal.

Where the record before this court, on an appeal and assignment of alleged error in the denial of such a motion based on allegations of newly discovered evidence of a statement by a deceased person, does not disclose that the denial of the motion was based upon a ruling of law that such evidence was inadmissible at the trial of a criminal case, nor on what ground the judge proceeded, no abuse of discretion is shown, and no question of law is presented to this court.

INDICTMENT, found and returned on September 16, 1927, charging the defendant with the murder of Stella Pomkala.

The case previously was before this court after a verdict of guilty, when, by a decision reported in 263 Mass. 356, judgment was ordered on the verdict on April 17, 1928.   On June 7, 1928, the motion for a new trial described in the opinion was filed.   It was based on an affidavit of a man who stated that he had talked with Stella Pomkala at 6:30 P.M. on the day of her murder, and that she stated that she then was eating her supper and had left it to come down stairs when the witness and a companion came in.   The motion was heard by *Quinn*, J., on July 26, 1928, and was denied, and the defendant appealed and filed an assignment of error that the denial of the motion "was an abuse of judicial discretion by the trial judge."

The case was submitted on briefs.

*J. H. O'Neil* & *F. E. Rafter*, for the defendant.

*W. G. Clark*, District Attorney, *F. E. Raymond*, & *E. F. Flynn*, Assistant District Attorneys, for the Commonwealth.

WAIT, J.   There is no merit in this appeal.

The assignments of error allege abuse of judicial discretion in the denial of motions for new trial, but do not set out any facts indicating such abuse.   It is unnecessary to discuss at length the well established law that a motion for new trial based upon newly discovered evidence is addressed to the sound discretion of the trial judge, and that denial of the motion does not establish abuse of discretion, even if the evidence alleged to be newly discovered might, if believed, justify a verdict of acquittal.   *Commonwealth* v. *Sacco*, 259 Mass. 128, 137.   *Davis* v. *Boston Elevated Railway*, 235 Mass. 482.   *Commonwealth* v. *Devereaux*, 257 Mass. 391. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32.

Here the evidence offered was the statement of a deceased person, which the judge might well regard as inadmissible in the trial of a criminal case in view of the language of this court in *Hall* v. *Reinherz*, 192 Mass. 52, 53; *Commonwealth* v. *Wakelin*, 230 Mass. 567, 575; and *Commonwealth* v. *Stuart*, 207 Mass. 563, 568, even if he, himself, believed it to have been made.   For all that appears, he may have given no credence to the affidavit.   He may well have thought it untrustworthy.   In the absence of proof that the judge's action was determined by his view of the admissibility of the evidence and of any assignment of error therefor, we need not pass upon that question.   Nothing is set out nor is called to our attention which shows abuse of his discretionary power.

*Order denying new trial affirmed.*
*Judgment on the verdict.*