COMMONWEALTH *vs.* MANUEL G. DAVIS.

Suffolk.    January 8, 1974.—February 5, 1974.

Present:    TAURO, C.J., REARDON, BRAUCHER, HENNESSEY,
& KAPLAN, JJ.

*Practice, Criminal,* Appeal, Assistance of counsel. *Homicide. Malice.*

Only in unusual situations should an appeal in a murder case be submitted
to this court without oral argument. [556]

Evidence in a murder case that after a discussion about pay with his boss
the defendant followed him out of a door and shot him twice, killing
him, warranted a finding that the shooting was done with malice
aforethought and that the defendant was guilty of murder in the second
degree [557]; corroborated testimony by the defendant that he was not
upset when talking with the victim shortly before the shooting supported
this court's decision not to modify the verdict pursuant to G. L. c. 278,
§ 33E [557].

INDICTMENT found and returned in the Superior Court on
February 11, 1969.

The case was tried before *Linscott,* J.

The case was submitted on briefs.

*Daniel J. O'Connell* for the defendant.

*Paul V. Buckley,* Assistant District Attorney (*Sandra Lee
Hamlin* with him) for the Commonwealth.

BRAUCHER, J. The defendant was indicted for murder in
the first degree, and was convicted of murder in the second
degree. His appeal under G. L. c. 278, §§ 33A-33G, presents
an insubstantial argument that the evidence did not warrant
a finding of malice aforethought and an application for the
exercise of our powers under G. L. c. 278, § 33E. After some
soul-searching because of inadequacies in the presentation of
the defendant's case in this court, we affirm the conviction.

Commonwealth *v.* Davis.

The case, like all murder cases, is tragic. But here we have some specially tragic features. A "quiet man" comes to the United States from Cuba in 1962, moves to Boston in 1964, and is employed as a "tin knocker" in an automobile body shop in 1967. He can speak English but sometimes does not understand English. On Monday, December 16, 1968, he has a discussion with the boss about his pay. The boss yells at him, but he says he is not upset. The boss tells him to leave and walks out. He follows the boss out the same door, and shoots the boss twice, killing him.

1. The brief on behalf of the defendant consists of four pages: a half page on the procedure, a little over one page of factual summary, and two pages of arguments consisting largely of citations to and quotations from our opinions defining manslaughter and malice aforethought. The case was submitted without oral argument. Because of the uselessness of the presentation on behalf of the defendant, we have seriously considered ordering that the case be reargued.

We take this occasion to remind the bar that lawyers owe their clients obligations of competence, diligence and zeal, and that those obligations may comprehend, upon appeal, both the presentation of the law and the marshaling of the facts. See S.J.C. Rule 3:22, Canons 6 and 7 (1972), 359 Mass. 818; American Bar Association Code of Professional Responsibility, Ethical Considerations (EC) 7-11, 7-23 (1971). Only in unusual situations should a murder appeal be submitted without oral argument. Compare *Anders* v. *California,* 386 U. S. 738, 744-745 (1967).

Fortunately, however, the Commonwealth's brief marshals the evidence in more than seven pages, and argues comprehensively and dispassionately in some eight and one-half pages the issue whether the case is one of second degree murder or manslaughter, with appropriate citations to the transcript. The entire transcript is before us, and in view of the failure of counsel for the defendant to argue the case, we have examined it with particular care. In the interest of expedition and in order to forestall wasted effort, we proceed to decision. The transcript demonstrates that the defendant

was adequately represented at the trial and was fairly tried.

2. The evidence that the defendant shot Stephen Ladas twice and killed him following an argument over money is overwhelming. The intentional use of a deadly weapon suffices to support a finding of the malice aforethought essential to second degree murder, and the verdict of the jury impliedly rejected any evidence which tended to rebut the presumption of malice. *Commonwealth* v. *Talbert,* 357 Mass. 146, 148 (1970), and cases cited.

3. We are not disposed to modify the verdict under the principles stated and applied in *Commonwealth* v. *Baker,* 346 Mass. 107, 109 (1963). See G. L. c. 278, § 33E. In his testimony the defendant, incredibly, denied not only the killing but also the possession of the gun and bullets taken from him on his arrest, about eight hours after the shooting. His own testimony, corroborated by that of another witness, to the effect that he was not upset when talking with the victim shortly before the shooting, negates fear, rage, provocation and heat of passion.

*Judgment affirmed.*