COMMONWEALTH vs. GERALD F. MEUSE.

Suffolk.    October 21, 1974. — April 9, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Homicide. Practice, Criminal,* Charge to jury, New trial. *Constitutional Law,* Due process of law.

At a murder trial circumstantial evidence, from which the jury could infer that the injuries causing the victim's death were inflicted by the defendant in the defendant's automobile and that the defendant's version of events given in statements made to the police was willfully false, warranted the defendant's conviction of murder in the second degree. [190-191]

At a murder trial in which the only defense presented was that the defendant did not kill the victim and there was no evidence of excuse or mitigation to warrant a finding of manslaughter, the judge correctly refused to charge the jury on the issue of manslaughter. [191]

There was no abuse of discretion in the denial of a motion for a new trial of a murder indictment based on an allegation of newly discovered evidence concerning a quarrel between the victim and someone other than the defendant shortly before the killing, where this evidence, which was largely hearsay and thus inadmissible for substantive purposes in a future trial, had been communicated to the defendant's trial counsel before the trial ended, and where there were no circumstances providing the hearsay evidence with such assurance of reliability as to render the operation of the hearsay rule a violation of due process of law. [191-192]

INDICTMENT found and returned in the Superior Court on March 4, 1971.

The case was tried before *Forte,* J. A motion for a new trial was heard by *Donahue,* J.

*Daniel F. Featherston, Jr.,* for the defendant.

*Newman A. Flanagan,* Assistant District Attorney, for the Commonwealth.

ROSE, J.    This is an appeal pursuant to G. L. c. 278, §§ 33A-33G, from the defendant's conviction of murder in the second degree and from the denial of the second of the

defendant's motions for a new trial. The defendant brings before this court three of his claimed assignments of error. He argues that it was error: (1) to deny his motion for a directed verdict, (2) to refuse to charge the jury on the issue of manslaughter, and (3) to deny his motion for a new trial on the ground of newly discovered evidence.

The defendant was convicted of the murder of his close friend, Donald Larsen, on the basis of circumstantial evidence indicating that the defendant administered a fatal beating to Larsen in the defendant's car. The defendant did not take the stand, but his account of the evening in question was introduced by way of statements he had given to the police. The defendant and the victim had been drinking together at the victim's trailer (mobile home). At approximately 6:30 P.M. they left the trailer and drove away in the defendant's car in order to buy more liquor. Within about a half hour they returned to the trailer. The victim was sitting in the passenger seat of the car, bleeding profusely. The defendant claimed that after they left the trailer they separated; that later he found Larsen lying in the snow in the street, injured but not bleeding; that a group of youths, one with a club, was loitering nearby; that he put Larsen in the car; and that Larsen started to bleed profusely on the trip back to Larsen's trailer. No blood or traces of a scuffle were found in the area where the defendant indicated that Larsen lay injured, although the immediate area was covered by a layer of snow. A medical examiner testified that an injury to the head of the severity suffered by the victim would immediately result in profuse bleeding.

1. The bloodstained interior of the car, which the jury viewed, the position of the injuries on the deceased, and the blood on the defendant's clothing provided evidence from which the jury could reasonably infer that the injuries were inflicted by the defendant in the car. Furthermore, the defendant's statements to the police, if found to be willfully false, were evidence from which the jury could infer consciousness of guilt. See *Commonwealth* v. *Bonomi*, 335 Mass. 327, 347-348 (1957), and cases cited. See also *Com-*

*monwealth* v. *Goldenberg,* 315 Mass. 26 (1943). The evidence, although circumstantial, was sufficient to permit the jury to infer the defendant's guilt. Compare *Commonwealth* v. *Webster,* 5 Cush. 295 (1850) ; *Commonwealth* v. *Goldenberg, supra; Commonwealth* v. *Kavalauskas,* 317 Mass. 453 (1945) ; *Commonwealth* v. *Appleby,* 358 Mass. 407, 414-415 (1970). Contrast *Commonwealth* v. *Curtis,* 318 Mass. 584 (1945).

2. Where a killing is caused by the intentional use of a deadly weapon, the malice aforethought essential to second degree murder may be presumed unless by the circumstances the presumption of malice is rebutted. See *Commonwealth* v. *Young,* 326 Mass. 597, 600-601 (1950), and cases cited; *Commonwealth* v. *McCauley,* 355 Mass. 554, 559 (1969) ; *Commonwealth* v. *Davis,* 364 Mass. 555, 557 (1974). The only defense presented was that the defendant did not kill Larsen; there was no evidence pointing to excuse or mitigation. Contrast *Commonwealth* v. *Kendrick,* 351 Mass. 203, 210-212 (1966). See also *Commonwealth* v. *Webster, supra,* at 305-308. In a prosecution for murder, in which no view of the evidence would support a finding of manslaughter, it is not error for the judge to refuse to charge the jury on the issue of manslaughter. See *Commonwealth* v. *Moore,* 323 Mass. 70, 77-78 (1948) ; *Commonwealth* v. *Campbell,* 352 Mass. 387, 392 (1967) ; *Commonwealth* v. *Costa,* 360 Mass. 177, 184 (1971) ; *Commonwealth* v. *Rembiszewski,* 363 Mass. 311, 321 (1973) ; *Commonwealth* v. *Clark,* 363 Mass. 467, 471-472 (1973). See generally *Commonwealth* v. *McKay,* 363 Mass. 220, 228 (1973).

3. Toward the end of the trial, one Callahan, a cabdriver, approached counsel for the defendant and informed him that he had witnessed an altercation between the victim and a third party about a week prior to the killing and had later heard incriminating admissions by that third party. This information, although not used either at trial or at the first motion for a new trial, became the basis for a second motion for a new trial (upon a change in defendant's counsel).

Whether to grant a motion for a new trial on the ground of newly discovered evidence is generally within the sound discretion of the judge passing upon it. *Davis* v. *Boston Elev. Ry.* 235 Mass. 482, 496-497 (1920). *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 497 (1942). *Commonwealth* v. *De Christoforo*, 360 Mass. 531, 542 (1971). This principle applies to the situation before us where the motion judge, although he did not preside at the trial, heard the testimony of Callahan and passed upon its credibility. Contrast *Commonwealth* v. *Richardson*, 1 Mass. App. Ct. 348, 349 (1973).

The evidence introduced by Callahan, if in fact it was *newly* discovered (see *Davis* v. *Boston Elev. Ry. supra*, at 496; *Sharpe, petitioner*, 322 Mass. 441, 444 [1948]) was largely hearsay. See *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 263 (1933); *Commonwealth* v. *Underwood*, 358 Mass. 506, 508, n. 1 (1970). The judge, after eliminating from consideration that evidence which would be inadmissible for substantive purposes at a future trial, did not abuse his discretion in ruling that the remaining evidence was not sufficient to form a basis for granting a new trial. See *Commonwealth* v. *Sacco*, 259 Mass. 128 (1927); *Commonwealth* v. *Taylor*, 265 Mass. 133, 134 (1928); *Commonwealth* v. *Capalbo*, 308 Mass. 376, 383-385 (1941); *Commonwealth* v. *De Christoforo, supra*, at 541-543; *Commonwealth* v. *Cassesso*, 360 Mass. 570 (1971), judgments vacated as to death penalty, sub nom. *Limone* v. *Massachusetts*, 408 U. S. 936 (1972); *Commonwealth* v. *Rembiszewski*, 363 Mass. 311, 321-324 (1973).

Furthermore, we cannot agree with the defendant's contention that the operation of the hearsay rule in the circumstances of this case would create a situation similar to that found to be a violation of due process in *Chambers* v. *Mississippi*, 410 U. S. 284 (1973). The circumstances present in that case which provided the hearsay evidence with considerable assurance of reliability are not present in this one. *Id.* at 300-301.

*Judgment affirmed.*