COMMONWEALTH *vs.* JOHN F. DONAHUE. January 17, 1979. We affirm the order denying the defendant's fourth motion for a new trial in the case of *Commonwealth* v. *Donahue,* 369 Mass. 943, cert. denied, 429 U.S. 833 (1976), in which the defendant's conviction for receiving stolen property was affirmed on review of the judgment and three separate motions for a new trial. The defendant's fourth motion for a new trial alleges newly discovered evidence in two respects.

1. The allegedly newly discovered evidence that the principal witness, Fernald, had (as put in the defendant's brief) "lied during the

trial," was presented on affidavits (submitted with the motion) by counsel for Fernald and by Fernald and on Fernald's subsequent oral testimony. They cannot avail the defendant, since the motion judge in his "Order Denying Motion for New Trial" refused to "accept the 'recantation'" and found that Fernald "was not telling the truth." This determination must stand. *Commonwealth* v. *Bernier*, 359 Mass. 13, 16 (1971). It removed any basis for the motion in this respect and left unimpaired Fernald's trial testimony as a basis, together with the other evidence, for the jury's verdict of guilty. Accordingly, we reject the defendant's argument that a new trial is required as a matter of law because the motion judge was not also the trial judge. Compare *Commonwealth* v. *Scott*, 2 Mass. App. Ct. 763, 764 (1975), *S.C.* 360 Mass. 695 (1971); *Commonwealth* v. *Melanson*, 3 Mass. App. Ct. 108, 111 (1975); *Commonwealth* v. *Meuse*, 3 Mass. App. Ct. 189, 192 (1975); *Commonwealth* v. *Subilosky, ante* 860 (1978), *S.C.* 352 Mass. 153 (1967) —cases in which the motion judge was not the trial judge. Contrast *Commonwealth* v. *Ellison*, 376 Mass. 1, 17 (1978); *Commonwealth* v. *Richardson*, 1 Mass. App. Ct. 348, 349 (1973). In *Commonwealth* v. *Melanson*, 3 Mass. App. Ct. at 111, the court pointed out that the motion judge could have utilized the trial transcript; we note that the motion judge in this case stated that he had read the transcript. See generally *Commonwealth* v. *Hubbard*, 371 Mass. 160, 175 (1976).

2. The motion judge was not required to grant a new trial on the basis of the defendant's claim of newly discovered evidence of promises and inducements allegedly made to Fernald by various members of the "prosecution team." Their testimony is contained in the transcript (received by the motion judge) of a hearing in the United States District Court for the District of Massachusetts on a petition for habeas corpus brought by the defendant, denied in part, and dismissed in part for failure to exhaust State court remedies. (a) Officer Rafferty, a detective in the Canton police department, testified that he "told [Fernald] I would given him some assistance if he assisted us in the investigation of the crime" when Fernald, on May 21, 1974, while being interrogated on a different charge, mentioned that the defendant was involved in criminal activity with him. But Stoughton police Detective Hunnewell testified that he was present at the interrogation and told both the defendant and his attorney "about these promises" "within a week" after the interrogation—at least six months before trial. Further, it can be inferred from the transcript of the trial (and of the hearings on the prior motions) that the defendant during trial had Officer Rafferty's report which stated that Fernald had agreed to talk to the district attorney's office "as long as I came with him and got him out on the Street as I promised." The burden was on the defendant to show that the evidence in support of his motion was newly discovered; this burden was not met. See *Graci* v. *Damon, ante* 160, 166 (1978), aff'd on another ground, 376 Mass. 931 (1978). Officer Rafferty's further testimony that the prosecuting attorney was privy to promises made to Fernald was flatly denied by the prosecuting attorney, who testified that neither he nor anyone in his presence had ever made any such promise. We see no reason to supplant the motion judge's apparent choice to accept the prosecuting attorney's testimony. *Commonwealth* v. *Bernier*, 359 Mass. at 16. (b) Lieutenant Bergin of the State Police testified that he was present on May 22, 1974, when a written statement was first taken from Fernald and that neither then nor at any other time did he make any promise or offer an

inducement to Fernald in exchange for his testimony. The defendant points to the testimony of Arthur O'Connell, a Boston police officer, who testified that he arrested Fernald in Roxbury on January 8, 1975, and that Fernald made a telephone call to a person who talked to Officer O'Connell and identified himself as Lieutenant Bergin. Officer O'Connell testified that Lieutenant Bergin told him that Fernald "was doing something big for him and he asked if any consideration could be given to [Fernald] he would appreciate it." But this request for "consideration" does not require an inference that it was made as a result of a promise to Fernald in exchange for his testimony. Fernald's statement incriminating the defendant had been taken long before, and he had already been granted immunity. Compare *Commonwealth v. Donahue,* 369 Mass. at 952, part 6. Here again the defendant has not met his burden of showing that Lieutenant Bergin's request was newly discovered. Indeed, the transcript indicates that defense counsel knew of the telphone call (see *Donahue* case, *supra* at 951, part 5) and had an opportunity to pursue the matter when Lieutenant Bergin was called as a witness.

*Order denying motion for new trial affirmed.*

*Willie J. Davis (Melvin S. Louison & Jerry E. Benezra* with him) for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.