Thomas A. TSOUMAS and David A.
Sands, Plaintiffs, Appellants,

v.

The STATE OF NEW HAMPSHIRE,
Attorney General of the State of New
Hampshire, Defendants, Appellees.

No. 79–1333.

United States Court of Appeals,
First Circuit.

Argued Nov. 8, 1979.

Decided Jan. 4, 1980.

David J. Killkelley, Laconia, N. H., and
Stanley M. Brown, Manchester, N. H., with
whom Nighswander, Lord, Martin & Killk-
elley, Laconia, N. H., and Brown & Nixon,
Manchester, N. H., were on brief, for plain-
tiffs, appellants.

Andrew R. Grainger, Asst. Atty. Gen.,
Concord, N. H., with whom Thomas D.
Rath, Atty. Gen., Concord, N. H., was on
brief, for defendants, appellees.

Before CAMPBELL, Circuit Judge, WY-
ZANSKI,* Senior District Judge, and
CLARKE,** District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendants appeal from the denial of
their petitions for habeas corpus. Defend-
ants, who were both convicted of perjury
after a consolidated jury trial in a New
Hampshire state court, argue the court
committed reversible error in its instruction
to the jury defining reasonable doubt.

Defendants attack the last two sentences,
especially the italicized language, of the
following portion of the charge.[1]

"A reasonable doubt, members of the
Jury, is just what the words would ordi-
narily imply. The use of the word rea-
sonable means simply that the doubt
must be reasonable, rather than unrea-
sonable; it must be a doubt based on
reason. It is not a frivolous or fanciful
doubt, *nor is it one that can easily be
explained away.* Rather, members of the
Jury, it is such a doubt, that is reasonable
doubt, based upon reason as remains af-

---

* Of the District of Massachusetts, sitting by des-
ignation.

** Of the Eastern District of Virginia, sitting by
designation.

1. Defendants adequately preserved their objec-
tions to the charge to enable them to raise
them now. *State v. Wentworth,* 395 A.2d 858,
863 (N.H.1978), from which the challenged
charge comes, was decided a few days before
the termination of defendants' trial. It appears
from the record that a colloquy on the merits of
the *Wentworth* charge preceded the delivery of
the charge to the jury. While the colloquy was

not recorded the court did state for the record
that defendants "have reserved their rights in
terms of disagreeing with the holdings in *State
v. Wentworth,* to the extent they may conflict
with those held in [*Dunn v. Perrin,* 570 F.2d 21
(1st Cir. 1978)] and related cases, as to being in
violation of their constitutional rights . . ."
The objection was renewed at the close of the
charge, albeit in somewhat cryptic terms as
regards defendant Tsoumas, but in view of
what had already transpired, defendants' argu-
ments are properly before us now.

ter consideration of all the evidence that the State has offered against it."

This instruction mirrored the language of the model charge on reasonable doubt which the New Hampshire Supreme Court announced in *State v. Wentworth,* 395 A.2d 858, 863 (N.H.1978.) [2]

In *Dunn v. Perrin,* 570 F.2d 21 (1st Cir.), *cert. denied,* 437 U.S. 910, 98 S.Ct. 3102, 57 L.Ed.2d 1141 (1978), we said that the definition of reasonable doubt as doubt which is reasonable has been upheld by numerous courts, *id.,* 23 n. 2, and we can here see nothing objectionable in telling a jury that a reasonable doubt is one which is reasonable rather than unreasonable. Such is implicit in the term reasonable doubt. Similarly we see no error in the frivolous or fanciful language, for that which is frivolous or fanciful is not reasonable. Nor, contrary to defendants' contentions, do we think it is reversible error to instruct a jury that a reasonable doubt is not "one that can easily be explained away." Virtually identical language was contained in the charge considered in *Dunn v. Perrin,*[3] and although this court disapproved major portions of the language on reasonable doubt, it did not mention that language as being in any way objectionable.

■ Defendants view the italicized language as a requirement that a reasonable doubt be difficult to explain away, an instruction more egregious than that condemned in *Dunn*—explaining reasonable doubt as one "for the existence of which a reasonable person can give or suggest a good and sufficient reason." *Id.,* 23. Defendants' analysis is incorrect. By stating that a reasonable doubt is neither a frivo-

lous one nor one that can be easily explained away the court did not tell that jury, as defendants assume, that a reasonable doubt must be either a substantial one or one that is difficult to negate; rather, it merely delineated, at one end of the spectrum, what a reasonable doubt is not.

Defendants argue the charge subjected them to conviction on less than proof beyond a reasonable doubt because the charge "tells the jury that a doubt which an individual juror might consider to be reasonable is not such if it 'can easily be explained away.'" Thus, defendants contend, the juror who himself cannot easily explain away his doubt may yet vote for conviction because he is not sure but that someone might be able to explain it away easily. Defendants point out that under *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), a factfinder is supposed to reach a "*subjective* state of certitude of the facts in issue" before voting for conviction. (Emphasis added.) By stating that a reasonable doubt is not one that can easily be explained away, rather than one the juror himself can easily explain away, the court unconstitutionally substituted an objective standard for a subjective one, defendants maintain. Defendants seem to us to be grasping at straws. We do not believe that the fair import of the challenged language is an invitation to a juror whose doubt has not been easily explained away to his subjective satisfaction during the deliberation process to engage in an abstract calculation whether his doubt is capable of being so negated. This interpretation is especially unlikely in view of other portions of the charge. The jury were also told,

---

2. The portion of the model charge on reasonable doubt is as follows:

"A 'reasonable doubt' is just what the words would ordinarily imply. The use of the word reasonable means simply that the doubt must be reasonable rather than unreasonable; it must be a doubt based on reason. It is not a frivolous or fanciful doubt, nor is it one that can easily be explained away. Rather, it is such a doubt based upon reason as remains after consideration of all of the evidence that the State has offered against it."

*State v. Wentworth,* 395 A.2d 858, 863 (N.H. 1978).

3. The analogous portion of the charge in *Dunn* read

"It [reasonable doubt] does not mean . . one which can be readily or easily explained away . . . ."

*Dunn v. Perrin,* 570 F.2d 21, 23–24 (1st Cir. 1978).

"the State has the burden of establishing, and thus proving, the guilt of the defendants based on all of the courtroom evidence, and that, alone, to *your* satisfaction beyond a reasonable doubt, in order for you to return verdicts of guilty." (Emphasis added.)

Defendants also contend that the last sentence of the model charge places a burden on them to raise a reasonable doubt in the jurors' minds. Defendants apparently focus on the word "remains." In order for a doubt to remain, something must be done to create it; hence, defendants have implicitly been called upon to create a reasonable doubt, independent of the state's evidence, they argue. We disagree. The court stressed in its instructions, through a variety of formulations, that defendants did not have to prove or disprove anything. Since defendants are presumed innocent until proven guilty, as the jury was told, the doubt which "remains" is that which flowed from the presumption of innocence, not one defendants had to create through the presentation of evidence.

█ In upholding the challenged New Hampshire charge we are not of course to be understood as particularly recommending it. On a habeas corpus petition our task is done when we decide that the action of the state court was not contrary to the constitution. The choice among acceptable linguistic alternatives is for the New Hampshire courts, not this court.

*Affirmed.*