COMMONWEALTH *vs.* JOHN F. CAHILL. March 5, 1980. The defendant appeals from the denial of his motion for a new trial (on indictments charging kidnapping, assault and battery by means of a dangerous weapon and confining with intent to commit larceny in a building) based on newly discovered evidence, namely, the recantation by the victim of his testimony at trial as to what had taken place. This recantation was itself later recanted but was reaffirmed about a year after it had been made. The reaffirmation was in affidavit form and contained a statement which was not in the first recantation: "There is no way I can positively say that Jack Cahill was present [at the scene] on that night." The victim testified at the hearing on the motion before the same judge who had presided at trial. His testimony at the hearing was to the same effect as that set out in the first statement and in the sworn affirmation of it. The judge found that the affidavits upon which the defendant based his motion lacked credibility, and, although he did not expressly say so, it necessarily follows that he did not believe the victim's testimony concerning his recantation. It was the judge's initial task on such a motion to determine the credibility of the recantation. *Commonwealth* v. *Gwizdoski*, 284 Mass. 578, 581 (1933). *Commonwealth* v. *Robertson*, 357 Mass. 559, 562 (1970). The judge did so, and his decision that the victim's recantation was not credible is final. *Commonwealth* v. *Bernier*, 359 Mass. 13, 16 (1971). *Commonwealth* v. *Donahue*, 6 Mass. App. Ct. 971 (1979). There was no error.

*Order denying motion for new trial affirmed.*

The case was submitted on briefs.
*Bernard Grossberg* for the defendant.
*John J. Droney*, District Attorney, *& William L. Pardee*, Assistant District Attorney, for the Commonwealth.