COMMONWEALTH *vs.* GERALD F. MEUSE. December 11, 1980. The motion for a new trial (defendant was convicted in 1972 of murder in the second degree) from whose denial the defendant appeals is the fourth such motion filed on his behalf. See *Commonwealth* v. *Meuse,* 3 Mass. App. Ct. 189 (1975), for disposition of the second new trial motion. Although this fourth motion for a new trial was filed after July 1, 1979 (the effective date of the new Massachusetts Rules of Criminal Procedure), the provisions of Mass.R.Crim.P. 30(c)(2), 378 Mass. 900 (1979), which require that all grounds for relief be raised in the original or amended motion do not apply because the earlier motions were filed before July 1, 1979. Moreover, the filing of the motion for a new trial and the filing of this appeal were expressly authorized by orders of the Supreme Judicial Court,[1] from which we infer that we are to consider the substantive issues raised by the motion. All those issues relate to claims of errors in the trial judge's instructions to the jury. The general theme of the defendant's case is that the judge's charge to the jury was permeated with bias in favor of the prosecution and suffered from pervasive error.

1. Upon review of the jury charge as a whole, *Commonwealth* v. *Hicks,* 377 Mass. 1, 9 (1979), we are unpersuaded by the defendant's argument that the judge's treatment of the significance of circumstantial evidence diluted the Commonwealth's burden of persuasion. It was not misleading to quote at some length from *Commonwealth* v. *Webster,* 5 Cush. 295, 310-312 (1850), about the utility of circumstantial evidence in a case based almost entirely on circumstantial evidence. Compare *Commonwealth* v. *Hicks, supra* at 8-9. More enthusiastic endorsement of the merits of circumstantial evidence than that employed by the judge has been held free of the prejudicial effect which the defendant ascribes to it. *Commonwealth* v. *Grace,* 265 Mass. 119, 122, 123 (1928). Fairly read, the instructions about the acceptability of circumstantial evidence were adequately balanced with instructions about the necessity that such evidence persuade the jury beyond a reasonable doubt and that inferences drawn from circumstantial evidence are subject to the reasonable doubt standard.

2. The defendant argues next that the portion of the charge dealing with the presumption of innocence was laced with statements and misstatements which in their cumulative effect so sapped the force of the presumption of innocence that the jury were wrongly instructed. In his charge, however, the judge properly said that the defendant starts with

---

[1] See Supreme Judicial Court for Suffolk County docket nos. 78-256 and 80-47.

the presumption of innocence; that the fact of arrest or indictment does not constitute evidence of guilt; that, until the jurors were convinced by the evidence of guilt beyond a reasonable doubt, it was their duty to bring in a verdict of not guilty; and that it was the Commonwealth's burden to prove the defendant guilty beyond a reasonable doubt. In context, the flaws upon which the defendant concentrates do not strike us as likely to have misled the jury. We do not examine segments of a charge in isolation. *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 690-691 (1976). *Commonwealth* v. *McInerney*, 373 Mass. 136, 148-149 (1977). The charge was not legally infirm measured against the standards discussed in *Commonwealth* v. *Boyd*, 367 Mass. 169, 188 (1975), *Commonwealth* v. *Bohmer*, 374 Mass. 368, 379 (1978), *Commonwealth* v. *Hughes*, 380 Mass. 596, 600-601 (1980), and *Commonwealth* v. *Powers*, 9 Mass. App. Ct. 771, 773 (1980).

3. Finally, read as a whole, the charge did not, as the defendant argues, misdirect the jury on the Commonwealth's burden of proof. Although the charge contained references to daily experience while explaining the concept of reasonable doubt, the judge did not make the deeper error of giving examples of decisions the jurors might make in their own lives. The "moral certainty" criterion was articulated, and, viewed over-all, the charge did not trivialize reasonable doubt. *Commonwealth* v. *Williams*, 378 Mass. 217, 232 (1979). *Commonwealth* v. *Hughes*, 380 Mass. at 601. *Commonwealth* v. *Smith*, 381 Mass. 141, 145-146 (1980). Compare *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128-129 (1977); *Commonwealth* v. *Pomerleau*, ante 208, 209-214 (1980). The quotations which the judge read to the jury from *Commonwealth* v. *Madeiros*, 255 Mass. 304, 306-312 (1926), while now regarded as ill-advised, were not error per se or prejudicial per se. *Commonwealth* v. *Williams*, 378 Mass. at 233-234. See generally *Commonwealth* v. *Grace*, 381 Mass. 753 (1980). See generally also *Gagne* v. *Meachum*, 602 F.2d 471, (1st Cir.), cert. denied, 444 U.S. 992 (1979); *Tsoumas* v. *New Hampshire*, 611 F.2d 412 (1st Cir. 1980); *McInerney* v. *Berman*, 621 F.2d 20 (1st Cir. 1980).

*Order denying motion for a*
*new trial affirmed.*


*Andrew Good* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.