Gregory ROBINSON, Petitioner, Appellant,

v.

William CALLAHAN, Respondent, Appellee.

No. 82–1457.

United States Court of Appeals, First Circuit.

Argued Nov. 3, 1982.

Decided Dec. 3, 1982.

Willie J. Davis, Boston, Mass., for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondent, appellee.

Before BOWNES, BROWN * and BREYER, Circuit Judges.

BAILEY BROWN, Senior Circuit Judge.

Appellant Gregory Robinson was convicted in a Massachusetts state court of murder in the first degree (felony-murder), armed robbery and assault by means of a dangerous weapon. The convictions were affirmed on appeal. *Commonwealth v. Robinson,* 382 Mass. 189, 415 N.E.2d 805 (1981). Robinson filed a petition for writ of habeas corpus in the United States District Court for the District of Massachusetts and relief was denied. Robinson then brought this appeal. We affirm the judgment of the district court.

The facts are fully set out in the opinion of the Supreme Judicial Court of Massachusetts (per Kaplan, J.). It is necessary here only to state that, as Robinson admitted at trial, Robinson and one Ronald Ellis robbed a Chinese restaurant in Boston in the course of which Ellis shot and killed one of the employees. Ellis pleaded guilty. Robinson's defense at trial was that, in participating in the robbery, he acted under duress exercised by Ellis.

■ Robinson first contends on this appeal that he was denied federal due process by the state trial court's instruction to the jury defining reasonable doubt. The court charged, *inter alia,* that reasonable doubt is "a doubt based on reason, a doubt for which you can give a reason." In *Tsoumas et al.*

*v. New Hampshire,* 611 F.2d 412 (1st Cir. 1980), this court held that such a charge is not constitutional error.

■ Robinson further contends that the state trial court committed constitutional error in the way in which it charged, in general, on burden of proof. As we read the charge, we agree with the statement of Justice Kaplan for the Supreme Judicial Court on direct appeal when he summarized as follows:

> Although some isolated comments in the charge on the defendant's privilege to remain silent and on the role of defense counsel could not be thought ideal, they did not shift any burden to the defendant or undercut the statements placing the general burden firmly on the Commonwealth.

415 N.E.2d at 812.

Next, Robinson contends that he was denied due process in that the charge to the jury did not place the burden on the Commonwealth of proving absence of duress beyond a reasonable doubt but instead placed the burden on him to prove his defense.

■ In the well-reasoned opinion overruling this contention, the Supreme Judicial Court, after discussing such cases as *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), assumed, without deciding, that as a matter of constitutional law the burden was on the Commonwealth of proving absence of duress beyond a reasonable doubt.[1] The court then, upon careful examination of the charge to the jury, concluded that the burden had indeed been placed on the Commonwealth to prove absence of duress. In this connection, the court pointed out

* Of the Sixth Circuit, sitting by designation.

[1] As recently as *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Supreme Court had before it the analogous contention that, as a matter of constitutional law, the burden is on the prosecution to prove absence of self-defense beyond a reasonable doubt. While the Court recognized that this contention "states a colorable constitutional claim..." (456 U.S. at 122, 102 S.Ct. at 1568, 71 L.Ed.2d at 797), the Court did not decide the issue. Instead, the Court relied on *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) to hold that the claim had been waived because the state appellate court, giving effect to Ohio's contemporaneous objection rule, refused to consider it.

8

that the charge included, as an element of the crime, criminal intent, which in turn includes voluntariness, and that the charge further contained the following passage:

Perhaps I should say this: that the exercise of free will is essential to the commission of a criminal act. Criminality does not attach to an act committed under duress, if the actor had no free will, because if he had no free will he could have no criminal intent.

415 N.E.2d at 816. Since, as the court stated, the charge required that the Commonwealth prove voluntariness as an element of the crime, and since, under the charge, an act could not be voluntary if done under duress, the burden had been effectively placed on the Commonwealth of proving the absence of duress. We agree with this analysis and therefore overrule the claim that the burden of proving duress had improperly been placed on Robinson.

· The judgment of the district court is therefore Affirmed.