Lauriat, J.
Plaintiff, Eleanor M. Walsh (“Walsh”), brought this action against attorney Thomas C. Menton (“Menton”), to recover money which Walsh allegedly transferred to Menton for purposes of investment. Walsh asserts that Menton’s subsequent failure to return her money upon her demand constitutes (1) conversion, (2) money had and received, (3) a breach of fiduciary duly, (4) fraud, and (5) a violation of G.L.c. 93A. Walsh has now moved for summary judgment on the grounds that there are no material facts in dispute and Walsh is entitled to judgment as a matter of law. For the reasons set forth below, the plaintiffs motion is allowed in part and denied in part.
*585 BACKGROUND
For the purposes of this action, the following facts are undisputed:
In October 1982, Walsh retained Menton as legal counsel to represent her in the sale of her house at 221 Lexington Street, Watertown, Massachusetts. On October 7, 1982, Walsh transferred $62,965.51 to Menton with the direction that Menton invest the money for Walsh’s benefit.[1] From June of 1984 through July of 1990, Walsh periodically requested disbursements from her account in amounts between $1,000.00 and $3,000.00. Menton provided Walsh with both the requested disbursements and annual accountings. Walsh did not receive any accountings after July of 1990. In 1993, Walsh allegedly demanded the return of her money. Menton did not respond to Walsh’s request. On February 11, 1993, Walsh’s attorney sent a G.L.c. 93A demand letter to Menton.[2] Menton neither responded to that letter nor returned Walsh’s money. Menton suffered a stroke in early 1993 and died on June 12, 1993.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I.
“Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.” Restatement (Second) of Torts, §222A (1964). In order to recover for conversion under Massachusetts law, the plaintiff must show that “at the time of the alleged conversion he or she had actual possession or a right to immediate possession or control” in the allegedly converted property. In re 604 Columbus Avenue Realty Trust, 968 F.2d 1332, 1358 (1st Cir. 1992). “Where the defendant’s possession is not wrongful in its inception, demand and refusal are prerequisites to an action for conversion.” In re Halmar Distributors, 968 F.2d 121, 129 (1st Cir. 1992) (citations omitted).
The plaintiffs submissions, including a memorandum of deposit, six financial statements, and several disbursement letters signed by Menton, establish that Menton held money in an account for the benefit of Walsh.[3] In 1993, Walsh demanded the return of her money. Menton refused to respond or to release any sums to Walsh. Because the defendant has failed to introduce any evidence that Walsh’s money was not due on demand, the court concludes that Menton’s failure to return the money upon Walsh’s request properly constitutes conversion.
The defendant contends that Menton’s physical incapacity should bar Walsh’s recovery in conversion because Menton was “unable to exercise control over any of his affairs.” (Defendant’s Opposition, p. 2.) Neither good faith nor physical incapacity is a defense to conversion. See Row v. Home Savings Bank, 306 Mass. 522, 525 (1940). Menton’s failure to appoint a successor to handle his legal affairs in the event of incapacity or death does not insulate him from tort liability. The court therefore concludes that, regardless of Menton’s physical incapacity, his continuing possession of the money after Walsh’s rightful demand for its return constitutes conversion.
Thus, Walsh is properly entitled to summary judgment on Count V (Conversion) of her complaint. Pursuant to the same analysis, the court also concludes that Walsh is entitled to summary judgment on Count I (Money Had and Received) of her complaint. See McNeil Constr. Co. v. Livingston State Bank, 265 F.2d 308, 312 (1959) (allegation that corporation had deposited a certain amount in bank, the amount was due, and bank refused to pay, is sufficient to state a claim for money had and received).
II.
Walsh asserts that Menton breached his fiduciary duty by failing to send her proper accountings and in refusing to return her money upon her demand. “An attorney owes a client the obligations of full and fair disclosure, as well as competent, diligent, and zealous representation.” Opert v. Mellios, 415 Mass. 634, 639 (1993), citing Commonwealth v. Davis, 364 Mass. 555, 556 (1974). In Massachusetts, an attorney is held to the standard owed by a fiduciary, that of utmost good faith and loyalty. Den Norske Bank A.S. v. First National Bank of Boston, N.A., 838 F.Supp. 19, 27 (D.Mass 1993).
*586 Menton’s actions in ceasing to send accountings to Walsh after 1990, as well as his failure to return her money upon demand, do not satisfy the “good faith” standard required of an attorney. The defendant does not offer any explanation or excuse for Menton’s omissions. Thus, on the admissible evidence presented, the court rules, as a matter of law, that Menton breached his fiduciary duty to Walsh.
The defendant contends that Menton retired from the practice of law in 1991, and that he was therefore not Walsh’s attorney on the date of her demand. The defendant’s assertions fail for two reasons. First, the defendant has failed to introduce any evidence that Menton actually retired his license beyond directing the court to seek confirmation from the Board of Bar Overseers. Moreover, the defendant has failed to prove that Walsh had any knowledge of Menton’s retirement from practice. If Walsh lacked notice of Menton’s retirement, she could not have made an informed decision whether to demand the return of her money in 1991. Thus, assuming arguendo that Menton did retire in 1991, Menton’s failure to notify Walsh of his status precludes him from now asserting that he owed her no fiduciary duty.
III.
Walsh asserts that Menton is liable for fraud because Menton failed to notify her that the account was established in Menton’s name, and because Menton failed to provide Walsh with sufficient accountings and bank statements. “To sustain a claim of misrepresentation, a plaintiff must show a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiffs detriment.” Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991) (citations omitted). Therefore, to recover on her claim of fraud, Walsh must demonstrate that Menton falsely represented his intention to invest her money in order to induce Walsh to transfer her money to him.
The Memorandum of Deposit, dated October 7, 1982, and signed by Menton, explicitly states that the money was “to be placed in an account under my name for her benefit.” (Emphasis added.) (Exhibit B of Plaintiffs Memorandum.) Thus, Walsh’s contention that Menton deceived her as to the name on the account is unsupported by the record.
Further, while Menton’s failure to issue regular accounting and bank statements to Walsh constitutes a breach of fiduciary duty, Menton’s only affirmative representation to Walsh was that he would invest the money (Walsh’s Deposition, P. 23). Because Menton issued annual accountings to Walsh until 1991, a material question of fact is raised as to whether Menton initially intended to defraud Walsh and to deprive her of an interest in the money or whether Menton simply abandoned his duties to Walsh in 1991. Thus, summary judgment is not proper on Count III (Fraud) of Walsh’s complaint.
IV.
Walsh has also brought a claim against Menton for violation of the Massachusetts Consumer Protection Act, G.L.c. 93A. Chapter 93A prohibits “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” G.L.c. 93A, §2. Chapter 93A, §1(b) states that trade and commerce “include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed . ..” “(T]he services contemplated by this definition are those offered generally by a person for sale to the public in a business transaction . . .” Manning v. Zuckerman, 338 Mass. 8, 13 (1983). For the purpose of claims brought pursuant to both sections nine and eleven of Chapter 93A, an attorney has been held to have engaged in trade or commerce within the context of the attorney-client relationship. Guenard v. Burke, 387 Mass. 802, 808-11 (1982); Brown v. Gerstein, 17 Mass.App.Ct. 558, 570-71 (1984).
Chapter 93A requires that the defendant’s acts be either deceptive or unfair. G.L.c. 93A, §2. A determination of what is fair or unfair is not dependent upon traditional tort or contract law concepts. Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 626 (1978). An equity standard is generally applied in Section 9 cases. See Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983). The court concludes that Menton’s failure to apprise Walsh of the status of her account and to return her money upon demand was unfair as a matter of law.[4] The plaintiff is therefore entitled to summary judgment as to liability on Count II of her complaint. A later hearing will be set for assessment of damages on this claim.
V.
Walsh further seeks to recover interest on her money pursuant to G.L.c. 221, §51. G.L.c. 221, §51 states,
An attorney at law who unreasonably neglects to pay over money collected by him for and on behalf of a client, when demanded by the client, shall forfeit to such client five times the lawful interest of the money from the time of the demand.
Since this is a penal statute, Cannon v. Fahey, 327 Mass. 245, 246 (1951), it must be strictly construed. The court concludes that the statute must be read to govern only those situations where an attorney has been paid or has recovered money “for and on behalf of a client” from a third party. Accordingly, the statute is inapplicable to the present action where the client herself gave her money to attorney Menton.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Summary Judgment on Count I (Money Had and Received), Count II (G.L.c. 93A — liability only), Count IV (Breach of Fiduciary Duty) and Count V (Conver *587 sion) is ALLOWED. The Plaintiffs Motion for Summary Judgment on Count III (Fraud) is DENIED.

 The “Memorandum of Deposit” states,
I, Thomas C. Menton, attorney at 419 Mt. Auburn St., Watertown, acknowledge the receipt of check [sic] in the amount of $62,965.51 received of Eleanor M. Walsh to be placed in an account under my name for her benefit. The accured [sic] interest to belong to Eleanor Walsh less any increased tax liability caused to me both from State and Federal Tax Returns.
(Exhibit B to Affidavit of Theodore H. Goguen, Jr., Esq.)

 The demand letter described four allegedly unfair and deceptive practices:
(1) taking money from the Claimant under the false pretense of placing the money in a bank account for her;
(2) charging her excessive fees in the sum of approximately $2,000 per year for doing nothing more than depositing the money in a bank account.
(3) failing to adequately and thoroughly account to the Claimant for the money received, the interest due thereon and the bank and account number where the money is or was supposed to have been held;
(4) failure to return the money to Claimant upon her request.

 Defendant asserts that plaintiff has not established the genuineness of Menton’s signature on the Memorandum of Deposit. However, the burden of raising an issué as to the genuineness of a signature is on the defendant. Auburn State Bank v. National Laundry Co., 289 Mass. 397, 398 (1935). Menton has failed to present any evidence that his signature was not authentic. Thus, the court must accept his signature as genuine.

 The record establishes that Walsh is an elderly woman who is unsophisticated in the area of investment. This disparity in bargaining power enables the court to conclude that Menton’s actions were unfair as a matter of law.