SALEM REALTY CO. *vs.* FRANCIS V. MATERA.  October 8, 1981.  The plaintiff, Salem Realty Co. (Salem), brought a petition before a single justice of this court to discharge a contingent fee agreement between the defendant, Francis V. Matera, and itself. Mr. Matera is seeking recovery for legal services rendered to Salem as a result of certain takings of Salem's properties by eminent domain. After transfer of the case to the Superior Court and to a master, Mr. Matera recovered a judgment in the sum of $46,795.89, of which $9,295.89 was interest computed from March 24, 1976, the date of Mr. Matera's counterclaim. This judgment represents a recovery for the fair value of the services rendered by Mr. Matera.

The Appeals Court affirmed the judgment, modifying it only to the extent of ordering the addition of a provision discharging the contingent fee agreement. 10 Mass. App. Ct. 571 (1980). We granted an application for further appellate review. We agree with the reasoning and the result reached by the Appeals Court and, accordingly, we affirm the judgment of the Superior Court as modified by direction of the Appeals Court.

We shall not repeat the facts because of their generous exposition in the Appeals Court opinion. Mr. Matera asks us to adopt the rule that a

lawyer who has been discharged without cause has an enforceable right under a contingent fee contract to recover on that contract on a showing of substantial performance. We accept Mr. Matera's concession that no Massachusetts case can be found to support this rule. He acknowledges the right of a client to discharge his attorney at any time. See *Herbits* v. *Constitution Indem. Co.*, 279 Mass. 539, 542 (1932).

We do not formulate a rule today which would bar recovery on a contingent fee agreement in all cases by an attorney who has rendered substantial performance. That question must be left open because on this record we are not satisfied that Mr. Matera rendered substantial performance before the plaintiff terminated its contract without good cause but without bad faith. Factors which may be weighed on another day when we are called upon to espouse or to reject a rule permitting recovery on a contingent fee agreement (as contrasted with recovery in quantum meruit) after its unilateral termination are the bad faith of the party terminating it (cf. *Fortune* v. *National Cash Register Co.*, 373 Mass. 96, 103-106 [1977]), the extent of the performance left incomplete, the cost to the client of legal services necessary to complete the work, the conduct of the attorney in performing the agreement, and the wording of the agreement. In setting forth these factors (and the list is not necessarily complete) we do not wish to be understood as adumbrating a new rule. However, if an appropriate case is presented to us for appellate review, we shall consider these factors in determining whether to permit recovery on the contract in contrast to the restitutional species of recovery in quantum meruit.

The judgment shall be modified so as to add thereto a provision that the contingent fee agreement is discharged. As so modified, the judgment is affirmed. Costs shall not be taxed against either party.

*So ordered.*

*Thomas D. Burns (James F. Kavanaugh, Jr.*, with him) for the defendant.

*James T. Ronan* for the plaintiff.