ROGER C. SMITH *vs*. CHARLES BINDER & another.[1]

Norfolk.  April 8, 1985. — May 2, 1985.

Present: GRANT, KAPLAN, & DREBEN, JJ.

*Attorney at Law*, Compensation. *Contract*, Compensation of attorney.

In an action against two attorneys by a former client seeking an accounting
   and a refund of a portion of the fee paid to them, there was no evidentiary
   basis for the judge's finding that the plaintiff had acknowledged that the
   fee was nonrefundable, and thus the finding was clearly erroneous.
   [22-23]
Where attorneys had been paid a flat fee to cover their services and expenses
   for representing a client in certain matters, and subsequently had been
   discharged by the client on his own volition, they were entitled to retain
   only such portion of the fee as they could show was reasonable for the
   work they had actually performed. [23-24]

CIVIL ACTION commenced in the Superior Court Department
on March 5, 1982.

A motion to dismiss was heard by *Roger B. Champagne*,
J., sitting under statutory authority.

*Robert A. Derian* for the plaintiff.

*Robert C. Barber* for the defendants.

DREBEN, J. The plaintiff and his brother retained the defend-
ants, New York attorneys, to represent them in several criminal
actions in Massachusetts. At the request of the defendants, the
plaintiffs paid the defendants a retainer of $8,500. Three weeks
after payment was made, the plaintiff and his brother discharged
the defendants, requesting an accounting and a refund of a
portion of the fee. The defendants refused, and the plaintiff
brought this action for an accounting and for damages under
G. L. c. 93A, § 11.

After the plaintiff presented his case, the defendants, without
offering any evidence as to the reasonableness of their fee,

[1] David Cooper.

moved to dismiss both counts pursuant to Mass.R.Civ.P. 41 (b) (2),[2] 365 Mass. 804 (1974), and also asked the court to take judicial notice of the fact that it is an accepted custom and practice among attorneys of the criminal bar that retainers taken in connection with representation of criminal defendants are nonrefundable.

The plaintiff objected to the taking of any judicial notice of common practices and urged that the nature of the attorney-client relationship requires some kind of an accounting. The plaintiff did not press the count under G. L. c. 93A, conceding that there was insufficient evidence.

The judge allowed the motion under Mass.R.Civ.P. 41(b) (2), making what he termed "Rulings of Law" (which we treat as findings of fact) as follows: "Plaintiff has admitted that he understood that the retainer was a flat fee to cover services and expenses, and that no hourly fee was ever discussed; he acknowledged that the fee was non-refundable, and that an accounting had neither been discussed with nor promised by either defendant. Plaintiff chose of his own volition to avail himself of new counsel." The judge also found that the defendants filed appearances and performed services for the plaintiff and his brother until discharged. After making these rulings (findings), the judge concluded: "The defendants therefore performed according to their agreement with the Smiths and no accounting or refund of retainer is due from defendants." We reverse.

An examination of the record leads us to conclude that there is no support for the finding that the plaintiff acknowledged that the fee was nonrefundable. There is no testimony to that effect, nor is there any evidence from which such an acknowl-

[2] Rule 41(b)(2) reads in relevant part as follows:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in Rule 52 (a)."

edgment by the plaintiff could be inferred. On cross-examination, the plaintiff testified that he was told that the retainer of $8,500 was necessary for the defendants to get involved in the case. That testimony, however, cannot be construed as an agreement that the fee was nonrefundable.[3] The finding is, therefore, clearly erroneous. See *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 541 (1985).

The evidence warranted the judge's findings that the retainer was a flat fee to cover services and expenses[4] and that the plaintiff chose of his own volition to avail himself of new counsel. There was, however, no evidence as to what would be a reasonable fee for the services actually performed. In the absence of such evidence, a motion to dismiss under Mass.R.Civ.P. 41 (b) (2), see note 2, *supra*, was not warranted. Essential to the lawyer-client relationship is the client's right to change his lawyer at any time — even without cause.[5] *Salem Realty Co.* v. *Matera,* 10 Mass. App. Ct. 571, 575 (1980), *S.C.,* 384 Mass. 803 (1981). Moreover, if he discharges his lawyer, the client is not bound to pay for services not rendered. Otherwise the right to change lawyers would be of little value. *Ibid.* A discharged lawyer who has not rendered substantial

---

[3] We need not now consider the extent to which a fee, by agreement not to be refunded, may nevertheless be challenged. See *Jacobson* v. *Sassower*, 107 A.D.2d 603 (N.Y. 1985); *Simon* v. *Metoyer*, 383 So.2d 1321, 1322-1324 (La. App. 1980); ABA Comm. on Ethics and Professional Responsibility, Informal Op. 998 (1967) (unethical to require agreement that retainer be nonrefundable). See also S.J.C. Rule 3:07, DR 2-110 (A) (3) & DR 2-110 (B) (4), as appearing in 382 Mass. 775 (1981) (discharged attorney must refund promptly unearned portion of fee paid in advance). Cf. also Mass. B.A., Opinion No. 78-11, 63 Mass.L.Rev. 231 (1978) (retainer usually payment for future services; if it exceeds amount necessary in the matter, lawyer must return unused portion). But see *Jacobs* v. *Holston*, 70 Ohio App.2d 56, 59 (1980) (nonrefundable retainer taken for accepting case enforceable in absence of fraud or overreaching without the attorney showing it is fair and reasonable). See generally 1 Speiser, Attorneys' Fees §§ 4:26, 4:28, 18.11, 18.12 (1973).

[4] There was no suggestion that the $8,500 was a fee to insure counsel's future services as contrasted with an advance payment for those services. See *Blair* v. *Columbian Fireproofing Co.*, 191 Mass. 333, 337 (1906); *Korzenik* v. *Supreme Radio, Inc.*, 347 Mass. 309, 310-311 (1964).

[5] Of course, if a court continuance is needed, other considerations come to the fore. See Smith, Criminal Practice and Procedure §§ 1119-1120 (2d ed. 1983).

performance cannot recover on a contingent fee contract,[6] but may only seek a reasonable fee on a quantum meruit basis. *Salem Realty Co.* v. *Matera*, 384 Mass. at 804. The same principle applies here. The defendants, who have the burden of proof, see *First National Bank* v. *Brink*, 372 Mass. 257, 264 (1977), are entitled to only such fees as they can show are reasonable for the services actually performed. See *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568-569 (1933); *Korzenik* v. *Supreme Radio, Inc.*, 347 Mass. 309, 310, 311 (1964); *Salem Realty Co.* v. *Matera*, 10 Mass. App. Ct. at 576, and cases cited. Accordingly, the judgment is reversed and the matter is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

---

[6] We do not intimate that a discharged lawyer who has rendered substantial performance may recover on his contract. That question was left open in *Salem*, 384 Mass. at 804.