LAWRENCE R. OPERT vs. JOHN MELLIOS.

Middlesex. April 5, 1993. - June 23, 1993.

Present: LIACOS, C J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Attorney at Law,* Attorney-client re-
lationship, Compensation, Contingent fee agreement, Fiduciary duty.
*Contract,* Attorney.

In an action brought by an attorney to enforce a contingent fee agreement,
genuine issues of material fact remained with respect to whether the
client terminated the contract in good faith, whether the attorney had
rendered substantial performance of the contract, whether the client in-
curred costs for legal services to complete the agreement, whether the
attorney's conduct in handling the claim was proper, and whether the
agreement was fair, and summary judgment was incorrectly entered.
[636-638]
In an action brought by an attorney against a former client to enforce a
contingent fee agreement, there was no basis for entry of summary
judgment splitting the amount of funds available to pay the attorney's
fee, where there was no evidence, on a quantum meruit theory, of the
reasonable value of the attorney's services. [638]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 10, 1988.

The case was heard by *Robert J. Hallisey,* J., on motions
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*James E. Sandler* for the plaintiff.

*Daniel M. Schneider* for the defendant.

LYNCH, J. The plaintiff, Lawrence R. Opert, an attorney,
seeks to enforce a contingent fee agreement executed with a
former client, John Mellios (defendant), alleging that the de-
fendant terminated the agreement without good cause and in
bad faith. In response to the plaintiff's action, the defendant

asserted counterclaims under G. L. c. 231, § 6F (1990 ed.) (frivolous claims), and G. L. c. 93A (1990 ed.).[1] A judge in the Superior Court entered partial summary judgment in response to the defendant's motion and awarded $12,500 to the plaintiff and $12,500 to the defendant.[2] The plaintiff appealed, and we granted his application for direct appellate review.[3] We reverse the order of summary judgment and remand the case for further proceedings.

The following verified allegations were not disputed. The defendant was injured in an automobile accident on August 13, 1987, and retained the plaintiff to represent him. The parties executed a client fee agreement, dated September 14, 1987, that contained a forty per cent contingent fee. The plaintiff, on behalf of the defendant, received $3,300 from the insurance carrier for property damage to the defendant's vehicle.

On November 27, 1987, the defendant appeared unannounced at the plaintiff's office and said that he felt the forty per cent fee in the client fee agreement was too high for what he considered to be an "easy" and "open and shut" case. The contingent fee in the agreement was lowered to thirty-three and one-third per cent, and the modification was initialed by the plaintiff and the defendant.

By a letter dated November 30, 1987, the defendant informed the plaintiff that he no longer needed his services and that he had retained a new attorney. The defendant also asked the plaintiff to send all the information on the defend-

---

[1]A judge in the Superior Court had enjoined the tortfeasor's insurance carrier from paying one third of any settlement which might be paid to the defendant pending resolution of the plaintiff's claims.

[2]Before entering final judgment, the judge added $4,662.50 interest to the plaintiff's recovery. We assume the defendant's counterclaims were waived since the docket and briefs are silent as to their disposition.

[3]After the plaintiff's application for direct appellate review was granted, the defendant filed a motion in this court to expand the record on appeal to include, inter alia, the transcript of the plaintiff's deposition. The motion was referred to a single justice, who remanded the motion to the trial court. On March 9, 1993, a judge of the Superior Court allowed the motion.

ant's case to Attorney Anthony F. Gargano, and to include a bill for services rendered.[4] The plaintiff responded in a letter dated December 3, 1987, and notified the defendant that, in the circumstances, he intended to seek specific enforcement of the contingent fee agreement. Subsequent to his receipt of the letter Mr. Gargano commenced a civil action on behalf of the defendant against the operator of the vehicle alleged negligently to have caused the defendant's injuries.

The plaintiff asserts in an affidavit that prior to November 27, 1987, he "diligently pursued [his] representation of [the defendant] and rendered substantial performance." Another affidavit indicates that, in December, 1988, Mr. Gargano settled the defendant's personal injury claim for $75,000, $50,000 of which has been paid to the defendant directly and $25,000 of which has been paid into the court pending the outcome of this litigation.

The general rule now recognized in Massachusetts and a majority of States is that a client's discharge of an attorney ends the attorney's right to recover on the contract of employment and, thereafter, an attorney can recover only for the reasonable value of his services on the basis of quantum meruit. *Salem Realty Co.* v. *Matera*, 384 Mass. 803 (1981). C. Wolfram, Modern Legal Ethics § 9.5.2, at 546 (1986). Brickman, Setting the Fee When the Client Discharges a Contingent Fee Attorney, 41 Emory L.J. 367, 373 n.37 (1992). In *Salem Realty Co.* v. *Matera, supra* at 804, however, this court stated that it might permit an attorney to recover under a contingent fee contract on a showing of substantial performance, bad faith termination by the client, and

---

[4]The letter states:

"Dear Attorney Opert:

"This letter is being sent to you to inform you that I no longer desire your services. I have retained new counsel. Please send all of the information that you have to date to Attorney Anthony F. Gargano, GARGANO, LALLY & BARISON . . . . Also include your bill for services rendered.

"Thank you for your anticipated cooperation.

"          /s/
"John Mellios"

other factors. The court did not grant the attorney recovery of the contingent fee in that case, but stated:

> "We do not formulate a rule . . . which would bar recovery on a contingent fee agreement in all cases by an attorney who has rendered substantial performance. That question must be left open because on this record we are not satisfied that [the attorney] rendered substantial performance before the plaintiff terminated its contract without good cause but without bad faith. Factors which may be weighed on another day when we are called upon to espouse or to reject a rule permitting recovery on a contingent fee agreement (as contrasted with recovery in quantum meruit) after its unilateral termination are the bad faith of the party terminating it . . . the extent of the performance left incomplete, the cost to the client of legal services necessary to complete the work, the conduct of the attorney in performing the agreement, and the wording of the agreement. In setting forth these factors (and the list is not necessarily complete) we do not wish to be understood as adumbrating a new rule. However, if an appropriate case is presented to us for appellate review, we shall consider these factors in determining whether to permit recovery on the contract in contrast to the restitutional species of recovery in quantum meruit." *Id.*

Neither does this case present us with appropriate circumstances to decide the issue. The evidence, viewed "with an indulgence" toward the party against whom summary judgment has been rendered, see *Conley* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 168, 173 (1989), quoting *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Eng'rs, Inc.*, 396 Mass. 818, 822 (1986), raises questions whether: (1) the defendant terminated the contract in bad faith, (2) the plaintiff had rendered substantial performance on the contract, (3) the defendant incurred costs for legal services to complete the agreement, (4) the plaintiff's conduct in handling

the claim was proper, and (5) the agreement reached by both parties was fair. Resolution of questions 4 and 5 in the plaintiff's favor would normally result in the plaintiff's being entitled to recover in quantum meruit for the value of his services. Resolution of all the questions in the plaintiff's favor would raise the issue of his entitlement to recover the contingent fee for his services as stated in the contract. Hence, summary judgment should not have been granted. *Conley* v. *Massachusetts Bay Transp. Auth.*, *supra*, citing Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974) (summary judgment appropriate where no genuine issue of any material fact and moving party entitled to judgment as a matter of law). Thus, on the record before us, we are unable to decide whether we should adopt the rule we speculated on in *Salem Realty Co.* v. *Matera*, *supra*, granting recovery on the contingent fee contract in some circumstances. Even if we should decide not to adopt such a rule, there was no basis for splitting the fee on summary judgment because there was no evidence by affidavit or otherwise on the reasonable value of the plaintiff's services.

Since the case must be remanded, we think it appropriate to remind the attorneys, only one of whom is a party to this action, of the demands their parochial dispute places on an overburdened court, while alternative means to resolve the matter (such as the Fee Arbitration Board) are available without cost to the public. It should be noted that the dispute contains allegations concerning the propriety of both attorneys' fee agreements, i.e., forty per cent contingent fee in one and an agreement by an attorney to pay expenses regardless of the outcome in the other. In any further proceedings to resolve this dispute, additional factors should be kept in mind. The reasonableness of the contingent fee may be considered according to S.J.C. Rule 3:05, as appearing in 382 Mass. 762 (1981), and S.J.C. Rule 3:07, DR 2-106, as appearing in 382 Mass. 768 (1981). The relationship of attorney and client is "highly fiduciary" in nature. *Hendrickson* v. *Sears*, 365 Mass. 83, 90 (1974). An attorney owes a client the obligations of full and fair disclosure, as well as compe-

tent, diligent, and zealous representation. *Commonwealth* v.
*Davis*, 364 Mass. 555, 556 (1974).

We reverse the judgment entered in favor of the plaintiff
in the Superior Court and remand the case for further pro-
ceedings consistent with this opinion.

*So ordered.*