Cowin, J.
The plaintiff, John J. Washburn (“Wash-burn”), has brought a seven-count complaint against the above-named defendants. Each defendant has now moved, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss all of the claims against him or her.[1]
According to the allegations in plaintiffs complaint, plaintiff is an attorney who agreed on December 31, 1990 to represent defendant Jessie L. O’Brien (“O’Brien”) pursuant to a contingent fee agreement. In May 1992, a “conflict of interest over Washburn’s continued representation of O’Brien arose.” Washburn informed O’Brien of this conflict and suggested that she contact another attorney. O’Brien did not contact this other attorney, but eventually retained defendants Lisa A. McGuiness-Parlagreco (“Parlagreco”) and Michael McGuiness (“McGuiness”) of the firm McGuiness & Parlagreco. O’Brien’s case has now been settled and defendants have refused to offer Washburn any reasonable compensation.
Contract-Based Claims
Counts I (Malicious Interference with Contract against Parlagreco and McGuiness), II (Malicious Interference with Contractual Relationship against Parlagreco and McGuiness) and V (Breach of Contract against defendant O’Brien), do not state a cause of action. Each of these counts is related to the existence of a contract. Based upon the allegations of the complaint, no contractual obligations existed. Although Washburn asserted at oral argument that it was unclear whether a conflict of interest existed between himself and O’Brien, he is bound by his pleadings in which he clearly alleges that a conflict did exist. See Complaint, paras. 11, 12, 13, 15. Once the conflict arose, Washburn had an ethical duly to withdraw as O’Brien’s attorney. S.J.C. Rule 3:07, DR 5-101-5-107. Read in the light most favorable to Washburn, Washburn’s pleadings indicate that he properly withdrew from the case and, with O’Brien’s mutual consent, the contract was abandoned: a less favorable reading leads to the conclusion that Washburn breached the contract. In either event, once the conflict arose and Washburn informed O’Brien that he could no longer represent her, the contract became a nullity. Therefore, the three counts that are based in contract, Counts I, II and V, are dismissed.
Equitable Claims
The two claims for equitable relief, Counts III (Unjust Enrichment against Parlagreco and McGuiness) and VI (Quantum Meruit against O’Brien), state a cause of action. An attorney working under a contingent fee arrangement is entitled to reasonable fees for work already performed where the client terminates the contract prior to resolution of the case. Salem Realty Co. v. Matera, 10 Mass.App.Ct. 571 (1980), aff'd, 384 Mass. 803 (1981). The same policy considerations dictate that Washburn is entitled to attempt to recover here. He did not voluntarily withdraw from the case, as defendants suggest, simply to avoid the potential risk of not recovering monies under the contingent fee agreement. Rather, Washburn was forced to withdraw from the representation of O’Brien due to a conflict of interest. He is thus entitled to show that he is due reasonable fees for the work he performed prior to withdrawal. Similarly, McGuiness and Parlagreco may have been unjustly enriched to the extent that they were paid for work that included efforts by Washburn.
Chapter 93A
Chapter 93A claims encompass “conduct which is (1) within ‘at least the penumbra of some common-law, statutory, or other established concept of unfairness . . .’ ” Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979). “Whether a given practice runs afoul of these touchstones must be determined from the circumstances of each case.” Id. at 504. Although Washburn’s contract claims and contract-based tort claims are dismissed, the quantum meruit and unjust enrichment claims remain, and this Court cannot say that no set of facts exists under which a claim can be established for “unfair or deceptive acts or practices” under G.L.c. 93A, §11. Therefore, Count IV (Violation of G.L.c. 93A, §11, against Parlagreco and McGuiness) is sufficient to withstand a motion to dismiss.
Civil Conspiracy
The count for civil conspiracy does not state a cause of action. The complaint does no more than state that any wrongful act alleged to have been committed was a joint act for which the several defendants who participated in it would be jointly liable. Fleming v. Dane, 304 Mass. 46, 51 (1939). There is no allegation of a force of numbers from the combined action of a group of people. Such an allegation is a requirement of the independent tort of conspiracy. Id. at 50.
ORDER
For the foregoing reasons, the motion to dismiss of defendants Lisa A. Parlagreco, J. Michael McGuiness and Jessie L. O’Brien is hereby ALLOWED as to *86 Counts I, II, V and VII of the complaint, and DENIED as to Counts III, IV, and VI of the complaint.

 Defendant McGuiness & Parlagreco moved to dismiss on the basis that it is a voluntary unincorporated business association and therefore not a legal entity, capable of being a party to this suit. Plaintiff assented to this motion to dismiss.