**Ellen WRIGHT, Appellant,**

v.

**Earl W. ARNOLD, Appellee.**

**No. 79915.**

Court of Appeals of Oklahoma,
Division No. 2.

Feb. 15, 1994.

Rehearing Denied May 3, 1994.

Certiorari Denied June 22, 1994.

Mark O. Thurston, Tulsa, for appellant.

Earl W. Arnold, pro se.

BOUDREAU, Presiding Judge.

Plaintiff, Ellen Wright (Client), appeals an order of the trial court denying her claim for return of a non-refundable retainer fee from Defendant (Attorney). The issue on appeal is whether a non-refundable retainer fee in an hourly contract for legal services may be retained by an attorney irrespective of whether the attorney renders the contemplated services. We answer the question in the negative and reverse and remand the action for further proceedings.

Client retained Attorney to perform legal services for her regarding the collection of past-due child support.[1] Client's former hus-

band, a resident of Texas, was approximately one year behind on paying his child support obligation to Client. He had accrued a child support arrearage which ranged from $4,800 to $7,200.[2]

On December 20, 1989, Client signed a document titled "Attorney's Retainer Agreement." The pertinent portions of the contract are as follows:

> I/We, the undersigned, do hereby retain Earl W. Arnold as my/our attorney to institute, prosecute or adjust such claims as may be deemed advisable by said attorney to recover any damages as follows:
>
>> collection of past due child support and modification of Decree of Divorce re child support and any matters related thereto
>
> \*     \*     \*     \*     \*     \*
>
> 2. In consideration of the services rendered and to be rendered, I/we agree to pay my/our attorney for services ... in the amount of $100 per hour for in-office time and $125 for in-Court time, based upon 15 minute increments, promptly upon receipt of his itemized periodic billing. *I/We hereby tender to the attorney a retainer in the sum of Four Thousand and No/100's Dollars ($4,000.00), the receipt of which is hereby acknowledged. I/We understand that this retainer is nonrefundable.*
>
> \*     \*     \*     \*     \*     \*
>
> I/we hereby give said attorney the exclusive right to take all legal steps to enforce said claim(s), including retaining co-counsel without extra cost to me/us; and I/we hereby further agree not to settle said claim(s) in any manner without the written consent of my/our attorney: (Emphasis ours).

Client claims she did not know that the $4,000 retainer was non-refundable, because she did not read the contract before signing it.

Attorney viewed the retainer as earned and non-refundable immediately upon pay-

---

1. The contract retaining Attorney as Client's lawyer states that Attorney was also hired to seek a modification of child support. However, Client contends that she did not intend to hire him for this purpose.

2. The arrearage amount was contingent upon the enforceability of an extra-judicial agreement between the parties to reduce child support.

ment. He alleges that it was required in part to take on the case and to set aside other work previously calendared. In addition, he viewed it as "covering actual hours spent and perhaps some expenses." He further testified that Client would have been required to pay a Texas attorney separately if Attorney was required to employ one to prosecute the claim in a Texas court.

Shortly after she signed the contract, Client requested Attorney to discontinue working on her case. Depending on whose version one accepts, Client did so as early as six days, but no later than thirteen days, after she signed the contract. Attorney testified that he had worked 22.25 hours on Client's case at the time she requested him to stop.

Client filed this action seeking a refund of a portion of the retainer fee which she paid to Attorney. She attacked the non-refundable retainer fee as being void and unenforceable. In the alternative, she alleged that she entered into a modification of the retainer agreement whereby Attorney agreed to refund $3,500 of the retainer fee.

Following a non-jury trial, the trial court entered judgment for Attorney. The court found that the parties had a meeting of the minds, the contract was not ambiguous or unconscionable, and the contract was enforceable. The court specifically refused to make any finding as to the value of the work performed by Attorney on the case before Client discharged him. Client appeals the judgment entered for Attorney.

▮ The issue of whether a contract for a non-refundable retainer fee is enforceable is a question of law. The appellate court's role is to define the law, therefore, it independently reviews questions of law. *In re Estate of Crowl*, 737 P.2d 911, 914 (Okla. 1987). Contested issues of law are reviewable in all actions, suits, and proceedings by a de novo standard. *Salve Regina College v. Russell*, 499 U.S. 225, 231–32, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). Review of law is de novo, which means no deference, not

necessarily a full rehearing or new factfinding. *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

▮ Although the Oklahoma Supreme Court has not addressed the enforceability of non-refundable retainer fees, both decisional and statutory law give guidance on how the court would decide such an issue. The supreme court has held that "[t]he relationship of attorney and client is one of reliance, trust, and confidence [and,] [w]hen any element of this relationship is destroyed, for whatever reason, the client has the absolute right, in the interest of his own welfare, to discharge the attorney." *White v. American Law Book Co.*, 106 Okla. 166, 233 P. 426, 427 (1924). Rule 1.16 of the Oklahoma Code of Professional Conduct provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fee that has not been earned." 5 O.S.1991, Ch. 1, App. 3–A. The comment to Rule 1.16 provides that "[a] client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services." Furthermore, a contract between a lawyer and a client for a certain fee "will not be upheld or enforced where the compensation is so excessive as to evidence a purpose on the part of the attorney to obtain an improper or undue advantage over the client." *Robert L. Wheeler, Inc. v. Scott*, 818 P.2d 475, 480 (Okla.1991) (citing *Reneger v. Staples*, 388 P.2d 867, 872 (Okla.1964)).

▮ Applying these principles to the case at bar, we hold that a non-refundable retainer provision in an hourly-rate contract for legal services is unenforceable.[3] It is an impermissible restraint on the right of a client to freely discharge her attorney. This provision also contravenes the Code of Professional Conduct, which requires an attorney, upon the termination of the attorney-client relationship, to protect his client's interest by refunding any advanced payment which has not been earned. We hold that

---

**3.** We do not address the issue of the enforceability of a non-refundable retainer fee in a contingency-fee contract or in a fixed-rate contract.

Here, we are faced only with an hourly-rate contract.

the attorney under such circumstances is entitled to only such fees as the attorney can show are reasonable for the services actually performed. *See City of Barnsdall v. Curnutt*, 198 Okl. 3, 174 P.2d 596 (1945).

Other jurisdictions have addressed the enforceability of non-refundable retainer fees.[4] In *Estate of Forrester v. Dawalt*, 562 N.E.2d 1315 (Ind.Ct.App.1990), the client hired an attorney to represent him in the administration of an estate. The client paid the attorney $15,000 in advance as a fixed fee for his services. The client discharged the attorney after the attorney had spent less than thirty hours administering the estate. The client sought a refund on the advance-fee payment alleging that the attorney was only entitled to the reasonable value of his services under a theory of *quantum meruit*. The Indiana Court of Appeals agreed.

The court first relied on Indiana Professional Conduct Rule 1.16(d) and its comment, which are identical to Oklahoma's Rule 1.16(d). The court, quoting from a New York case, next discussed a client's right to discharge his counsel:

> "We view unenforceable any contractual provision which constrains a client from exercising his right to freely discharge his attorney. A retainer provision which requires a client to pay for legal services in advance, and which permits the attorney to retain the advance payment irrespective of whether the services contemplated are rendered, necessarily has a chilling effect upon a client's right to freely discharge his attorney. Indeed, the larger the amount of the so-called "nonrefundable" retainer, the more securely is the client held hostage to the payment."

*Id.* at 1317 (quoting *Jacobson v. Sassower*, 122 Misc.2d 863, 474 N.Y.S.2d 167 (1983)). The court held that "when an attorney is discharged by a client with or without cause, the attorney's remedy is limited to recovery of the reasonable value of his or her services rendered before discharge on the basis of *quantum meruit*." *Id.* at 1317–18. *See also Jennings v. Backmeyer*, 569 N.E.2d 689 (Ind. Ct.App.1991).

The Massachusetts Court of Appeals held the same in *Smith v. Binder*, 20 Mass.App. Ct. 21, 477 N.E.2d 606 (1985). The clients hired an attorney for representation in a criminal matter and paid him a retainer of $8,500. Three weeks later, they discharged the attorney and requested an accounting and a refund. The trial court denied the clients' request and the clients appealed.

The Massachusetts Court of Appeals noted that it is essential to the lawyer-client relationship that the client have the right to discharge his attorney at any time, with or without cause. *Id.* 477 N.E.2d at 608. If the client is required to pay for services not rendered, the right to change lawyers is of little value. *Id.* The court held that the attorneys were "entitled to only such fees as they [could] show [were] reasonable for the services actually performed." *Id.*

■ We agree with the rationale and holdings of these cases. We reject Attorney's argument that the non-refundable retainer should be enforced because he had to "immediately rearrange his schedule," "set aside other work previously calendared," and forego accepting a slip-and-fall case. These items are relevant to a determination of the reasonable value of Attorney's services. They do not, however, mandate enforcement of the non-refundable retainer.

■ Because the trial court specifically refused to make a finding regarding the reasonableness of the time spent by Attorney, we remand this case to the trial court for further proceedings to determine the reasonable value of the services rendered by Attorney prior to his discharge.[5]

---

4. Although most cases address this issue in context of a fixed-fee contract, we believe the rationale of the decisions has even stronger application in an hourly-rate contract. For a thorough discussion of the enforceability of non-refundable retainer fees see Lester Brickman and Lawrence A. Cunningham, *Nonrefundable Retainers: Impermissible Under Fiduciary, Statutory and Contract Law*, 57 Fordham L.Rev. 149 (1988).

5. Having found that the non-refundable retainer agreement was not enforceable, we do not find it necessary to address the issue of whether Client and Attorney entered into an oral modification of the written contract.

Reversed and remanded for further proceedings.

REIF, C.J., and RAPP, J., concur.