Houston, J.
The parties are before this court on plaintiffs’ motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). Plaintiffs allege that Attorney Charles J. Lindsey, Jr. (“Attorney Lindsey”) failed to properly administer the Estate of Marie J. Olson (“Estate”), and that as a result the estate incurred substantial costs and attorneys fees in filing late estate and income tax returns. The defendant has counterclaimed for quantum meruit contending that he is entitled to the fair value of services provided and for various expenses incurred in his effort to probate the Estate. For the reasons stated below, plaintiffs’ motion is allowed as to the issue of liability alone pursuant to Mass. R.Civ.P. 56(c)[3] on the Estate’s claims. Summary judgment is denied as to the counterclaim.
FACTS
The material undisputed facts which follow were derived from the pleadings, affidavits, and admissions of the parties.
After Marie J. Olson’s death on April 29, 1987, Charles J. Olson and Pamela A. Pape were appointed Administrators of her Estate. Affidavit of Pamela A. Pape at paragraph 2, Thereafter, Olson and Pape hired Attorney Charles J. Lindsey, Jr. to administer the Estate. Affidavit of Pamela A. Pape at paragraph 2. Attorney Lindsey paid $6500 to the Department of Revenue as an estimated payment of estate taxes and requested an extension of time within which to file a final return.[4] Defendant’s Admission at paragraph 4.[5] Attorney Lindsey, however failed to file the final tax returns on behalf of the estate or to seek an additional extension. Defendant’s Answer at paragraph 6; Defendant’s Admission at paragraph 5. In September 1990, the plaintiffs obtained the services of Attorney Ralph W. Warner (“Attorney Warner"), who attempted to obtain the documents or information from Attorney Lindsey in his efforts to assist the plaintiffs. Defendant’s Answer at paragraph 9 and 10. As a result of failure to file the required tax returns, the Estate was assessed penalties and interest. Affidavit of Pamela Pape at paragraph 5. Attorney Lindsey died on December 12, 1991. Defendant’s Answer at paragraph 11.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.” Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. *123 General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Plaintiffs’ Claims for Negligence, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealings, and Breach of Fiduciary Duly.
To prevail on a claim of negligence by an attorney, “a client must demonstrate that the attorney failed to exercise reasonable care and skill in handling the matter for which the attorney was retained, (citations omitted); that the client has incurred a loss; and that the attorney’s negligence is the proximate cause of the loss (citations omitted).” Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass.App.Ct. 107, 111 (1987). Although expert testimony is generally necessary to establish that an attorney failed to meet the standard of care owed in a particular circumstance, it is not the case where the malpractice “is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence.” Id. at 111.
In the instant case, there is no dispute that Attorney Lindsey was retained to probate the Estate of Marie J. Olson. It is also undisputed that the Estate incurred a loss because the tax returns were not filed by Attorney Lindsey when they became due. The tax returns were filed several years later, and as a result, the Estate was charged penalties and interest. Again, it is undisputed that the proximate cause of the loss was that Attorney Lindsey did not file the tax returns on time. As such, Attorney Lindsey is liable, as a matter of law, for negligence.
Similarly, since it is undisputed that the administrators of the Estate retained Attorney Lindsey to probate the Estate and file the required tax returns, Attorney Lindsey breached the contract between the parties when he neglected to file the required taxes or seek an additional extension. Hence, Attorney Lindsey is liable, as a matter of law, for breach of contract and breach of covenant of good faith and fair dealing. Fall River Savings Bank v. Callahan, 18 Mass.App.Ct. 76, 81-82 (1984) (“the gist of an action for damages resulting from the negligence of an attorney is the attorney’s breach of contract”).
Likewise, Attorney Lindsey also owed a fiduciary duly to the plaintiffs when he undertook the duty to probate the Estate and file the necessary tax returns. Hendrickson v. Sears, 365 Mass. 83, 91 (1974) (relation of attorney and client is highly fiduciary in its nature; attorney owes his client a duty of full and fair disclosure of facts material to the client’s interest). Attorney Lindsey breached his fiduciary duty when he failed to provide plaintiffs with information or documents pertaining to the Estate in their efforts to have the Estate probated.
Defendant’s Counterclaim for Quantum Meruit
A discharged lawyer who has not rendered substantial performance may seek reasonable fees on a quantum meruit basis. Smith v. Binder, 20 Mass.App.Ct. 21, 24 (1985). “In applying a quantum meruit standard, the terms of the abrogated fee agreement provide helpful guidance, and the discharged attorney is entitled to consideration not only of the services rendered but also the contribution of those services to the ultimate result achieved.” Salem Realty Co. v. Matera, 10 Mass.App.Ct. 571, 576 (1980), S.C., 384 Mass. 803 (1981). “Other factors to be considered are the customary ones applicable in measuring a legal fee; the special skills which may have been brought to bear, the complexity of the case, the size of the case in terms of dollars, the caliber of the services, the fees usually charged for work of the kind involved, the time spent, and the success achieved.” Id. at 576.
In the instant case, there remains a genuine issue of material fact with regards to this claim. It is undisputed that Attorney Lindsey provided some services to the plaintiffs. What is disputed is the extent of the services provided, and what portion of the alleged fees owed are legal fees for the probate of the Estate of Charles J. Olson. The Estate of Charles J. Olson is not a party to this proceeding, and therefore the defendant may not recover fees owed by the Estate of Charles J. Olson in this proceeding.
Damages
Since there is a genuine issue of material fact as to the extent of damages incurred by the plaintiffs, summary judgment will only enter on the issue of Attorney Lindsey’s liability. See Mass.R.Civ.P. 56(c).
ORDER
It is hereby ORDERED that plaintiffs’ motion for summary judgment is ALLOWED only with respect to the issue of liability on all of plaintiffs’ claims against the defendant; there exists a genuine issue as to damages. Plaintiffs’ motion for summary judgment on defendant’s counterclaim for quantum meruit is hereby DENIED.

 Mass.R.Civ.P. 56(c) provides in part that “[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”

 The extension expired in 1988.

 Requests for Admissions were served on the Defendant on May 13, 1993. Affidavit of Richard P. Mandel at paragraph 2. The defendant did not respond to the request for admissions within the time required by Mass.R.Civ.P. 36(a); he did not request additional time for filing a response; nor did he move to withdraw or amend an admission pursuant to Mass.R.Civ.P. 36(b). Hence, pursuant to Mass.R.Civ.P. 36(a), “the matter is admitted” for purposes of this action only.