GARNICK & SCUDDER, P.C. *vs.* ROBERTA S. DOLINSKY. No. 96-P-1876. November 4, 1998. *Contract,* Attorney, Construction of contract. *Attorney at Law,* Compensation. *Judicial Estoppel.*

This is an action in contract to recover attorney's fees for services rendered in connection with a modification of a 1984 divorce judgment. In pursuing her complaint for modification, the defendant (Roberta Dolinsky) retained Mr. Gerald S. Garnick (at a fee of $150 per hour, and with payment of an advance retainer of $2,500) to represent her. The matter was tried over a period of six days and Mr. Garnick (assisted by co-counsel) achieved substantially favorable results, namely an increase in alimony (from $250 per week to $550 per week), an order that the former husband maintain a medical insurance policy for the defendant, as well as a life insurance policy in the amount of $200,000 with the defendant as sole beneficiary, and an order that the husband pay her attorney's fees of $15,000.

Mr. Garnick submitted an itemized bill showing hours billed for his services (at hourly rates which increased from $150 to $170, and then to $175) and the services of two other lawyers (including co-counsel at trial) and a paralegal. After supplemental billing and the deduction of $15,000 ordered paid by her former husband, the defendant had a balance of $21,691.25, which she refused to pay, claiming that the total amount owed was established by the judge's award of attorney's fees payable by her former husband in the modification proceeding.

Mr. Garnick's law firm then commenced this action in contract. The defendant, pro se at the time, was defaulted, and a judge of the Superior Court, without hearing, subsequently denied her motions to dismiss, to remove the default, to file a late answer, and her motion for reconsideration. At the hearing on damages (at which the defendant was represented by new counsel), a second Superior Court judge evidently vacated the default.[1] The defendant asserted a defense based only upon Mr. Garnick's knowledge of her inability to pay and the Probate Court judge's order that the husband pay only part of her attorney's fees, which award, she claimed, was an implicit finding that she did not owe the balance due. The judge rejected these arguments but found, on a ground that he acknowledged had not been raised, that the most Mr. Garnick could charge under the contract was $150 per hour, that the contract was with Mr. Garnick alone and not with other members of the firm, and that Mr. Garnick did not meet his burden of showing the reasonableness of fees charged on behalf of other members of the firm. Although the judge found that it was reasonable to infer that the defendant knew or should have known that she would be obligated to pay for services of co-counsel at trial, "it was incumbent on the plaintiff to keep the defendant informed and it is just as reasonable for this court to infer that the $150 hourly rate initially agreed to would cover that

---

[1]See note 3, *infra.*

cost as well." The judge, employing Mr. Garnick's 228.3 hours at $150 per hour, plus expenses, calculated the balance due at $9,629.75.[2] The parties have cross-appealed.[3]

The law firm argues that the defendant made no showing (and indeed, that she did not even assert at trial) that the fees charged by members of the firm apart from Mr. Garnick, or support staff, were unreasonable, see *Keville* v. *McKeever*, 42 Mass. App. Ct. 140, 156-157 (1997); see also *Beatty* v. *NP Corp.*, 31 Mass. App. Ct. 606, 611 (1991), and that, even if such fees were not within the scope of the contract, they are due under an alternative theory of quantum meruit.

1. *Contract terms.* As a general proposition, the meaning of a written document, if placed in doubt, is construed against the party that wrote it, *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 724 (1977), and that "principle surely counts double when the drafter is a lawyer writing on his or her own account to a client. In setting fees, lawyers 'are fiduciaries who owe their clients greater duties than are owed under the general law of contracts.' " *Beatty* v. *NP Corp.*, 31 Mass. App. Ct. at 612, quoting from Restatement (Third) of the Law Governing Lawyers § 46, comment b (Tent. Draft No. 4, 1991). See more current version § 46, comment b (Prop. Final Draft No. 1, 1996).

We conclude that a layperson readily might interpret the letter setting forth the terms of representation as limiting the fee in the manner found by the judge, and that the burden of spelling out the fee agreement lies upon Mr. Garnick. Thus, the judge correctly could conclude that the fee set in the agreement letter ($150 per hour) is the appropriate measure of compensation.[4] (All counsel would be well advised to read with particular care the sound advice provided in *Beatty* v. *NP Corp.*, 31 Mass. App. Ct. at 612 n.7.)

2. *Quantum meruit.* In the absence of an agreement between lawyer and client, the lawyer may charge a fair and reasonable fee for his services. *First Natl. Bank of Boston* v. *Brink*, 372 Mass. 257, 264-267 (1977). See *Beatty* v. *NP Corp.*, 31 Mass. App. Ct. at 611. As previously pointed out, Mr. Garnick's engagement letter established the existence of an agreement and set forth the charges for the legal services to be provided. Contrast *First Natl. Bank of Boston* v. *Brink*, 372 Mass. at 264. Thus, the plaintiff's quantum meruit argument is unavailing.

3. *Judicial estoppel.* In the modification action, Dolinsky asserted her claim for attorney's fees against her husband. The law firm argues that because Do-

---

[2]There seems to be a slight discrepancy in the number of hours; using the figures in the judge's findings, we calculate Mr. Garnick's hours at 215.9.

[3]In the cross appeal, the defendant (Dolinsky) essentially asserts that the first judge erred in denying her motion to remove the default and denying her the opportunity to file counterclaims alleging negligence and a G. L. c. 93A violation (erroneously alleged to have been under § 11). Even assuming that it was error for the first judge to deny the promptly filed motion to remove the default (no default judgment had been entered), compare *Broome* v. *Broome*, 40 Mass. App. Ct. 148, 152 (1996), the defendant's appeal fails. The second judge *did* remove the default, the defendant did raise the issue of Mr. Garnick's negligence as a defense at trial (to the extent that she sought an offset), and she makes no appellate argument concerning the alleged c. 93A violation.

[4]The law firm does not contest on appeal that $150 per hour was the proper measure of compensation.

linsky successfully asserted a claim for attorney's fees in the modification action, she is judicially estopped from contesting the amount of those fees, or her obligation to pay them, in the present action. See *Fay* v. *Federal Natl. Mortgage Assn.*, 419 Mass. 782, 787-788 (1995). See also *East Cambridge Sav. Bank* v. *Wheeler*, 422 Mass. 621, 623 (1996).

Deciding as we do, it is not necessary for us to examine whether a $15,000 payment of a $36,691.25 debt is a substantial sum, and thus may be deemed a prior "success." Compare *East Cambridge Sav. Bank, supra* at 624. Nor do we have to consider "whether [Dolinsky] is seeking to use the judicial process in an inconsistent way that courts should not tolerate," *id.* at 623, having asserted a claim in the modification action against her husband for the full amount of the attorney's fees charged in a manner contrary to her claims subsequently pressed in the Superior Court that (a) she has no obligation to pay the law firm, and (b) if she is in fact obligated to pay, the fee is excessive.

The matter is remanded to the Superior Court for recomputation of the fee award in light of the apparent discrepancy cited in note 2, *supra*; the judgment is otherwise affirmed.

*So ordered.*

The case was submitted on briefs.

*Gerald S. Garnick & Lois M. Farmer* for the plaintiff.

*Dana A. Curhan* for the defendant.